# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2022

Lyle W. Cayce
Clerk

No. 21-30338
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JONATHAN FRANCIS KIMBRELL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CR-70-1

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:[*]

A jury convicted Jonathan Francis Kimbrell of attempted coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b).  In his sole issue on appeal, Kimbrell asserts that the district court erred by failing to instruct the jury sua sponte on the defense of entrapment even though he established

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

at trial the requisite Government inducement and his lack of predisposition to commit the offense. *See United States v. Theagene*, 565 F.3d 911, 918 (5th Cir. 2009). Kimbrell did not request an entrapment jury instruction; thus, we review his argument for plain error. *See United States v. Hickman*, 331 F.3d 439, 443 (5th Cir. 2003).

The evidence presented at trial demonstrates that although the Government introduced the possibility of underage sexual relations when two agents, posing online as a married couple, offered Kimbrell the opportunity to have sex with Layla, the wife's 11-year-old daughter, also played by one of the agents, Kimbrell was undeterred by her age. Kimbrell sent dozens of email messages eagerly and enthusiastically expressing his interest in having sex with Layla after learning of her age. The agents disengaged from the conversation at times, equivocated on scheduling a meeting, and offered Kimbrell numerous opportunities to abandon his plans, but Kimbrell persisted with plans to meet the couple and their daughter for sex. Based on the foregoing, Kimbrell fails to show that he was not predisposed to commit the enticement offense. *See Theagene*, 565 F.3d at 919; *see also United States v. Reyes*, 239 F.3d 722, 739 (5th Cir. 2001). Because Kimbrell failed to set forth a prima facie case of entrapment, the district court did not err, plainly or otherwise, by not sua sponte instructing the jury on the theory of entrapment. *See Hickman*, 331 F.3d at 443; *see also Theagene*, 565 F.3d at 918.

AFFIRMED.